UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
OCT 22 2018
Clerk, U.S. District and
Bankruptcy Courts

MARCUS ALLEN, )
)
Plaintiff, )
) Civil Action No. 1:18-cv-002054 (UNA)
)
RYAN BECKER, et al., )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis*. The Court will grant the *in forma pauperis* application and dismiss the complaint.

Plaintiff sues an ATF agent and two Assistant United States Attorneys. Compl. at caption. Plaintiff alleges that defendants committed various constitutional violations during the course of his arrest and criminal trial, resulting in his conviction. *Id.* at 1–3. More specifically, plaintiff states that defendants had no probable cause to arrest him, misled the trial judge, and failed to provide discovery as mandated by *Brady v. Maryland*, 373 U.S. 83 (1963). *Id.* at 1–2. Plaintiff seeks monetary relief as a result of these alleged constitutional violations, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). *Id.* at 1, 12.

A federal prisoner who makes a collateral challenge to his conviction or sentence must file a motion pursuant to § 2255. *McLean v. United States*, No. 90–318, 2006 WL 543999 at *1–2 (D.D.C. 2006); *Castro v. United States*, 540 U.S. 375, 381–82 (2003). Such a motion must be made in the sentencing court. *Moore v. Smith*, 186 Fed. Appx. 8 (D.C. Cir. 2006) (per curiam); *Simmons v. Beshouri*, No. 06–380, 2006 WL 751335 at *1 (D.D.C. 2006). Plaintiff was convicted

1

and sentenced in the United States District Court for the Eastern District of Arkansas. *See USA v. Allen*, No. 4:14-cr-00057-KGB-1 (E.D. AK Nov. 19, 2014) at [ECF No. 95]. Therefore, as far as this is a collateral attack on plaintiff's conviction or sentencing, such relief must be sought with the Eastern District of Arkansas.

To the extent that plaintiff is seeking damages arising out of alleged constitutional violation(s), *Heck v. Humphrey*, 512 U.S. 477 (1994), bars relief. In *Heck*, the Supreme Court held that one who has been convicted of a crime may not ordinarily recover damages pursuant to 42 U.S.C. § 1983 for "harm caused by actions whose unlawfulness would render [his] conviction or sentence invalid." *Id.* at 486. The only qualification to this otherwise broad prohibition is if a plaintiff can "prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. The parameters of *Heck* have been expanded to reach § 1983's federal equivalent, the "*Bivens* claim." *See generally Bivens*, 403 U.S. at 388; *see also Williams v. Hill*, 74 F.3d 1339, 1340–41 (D.C. Cir. 1996) (per curiam).

If judgment were to be granted in plaintiff's favor in this case, it "would necessarily imply the invalidity of his conviction." *Heck*, 512 U.S. at 487. Therefore, because plaintiff was found guilty and because the verdicts have not been set aside, plaintiff cannot recover damages for the actions of those who allegedly brought about his conviction. *See Williams*, 74 F.3d at 1341. Therefore, dismissal is appropriate pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly, this case is dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 16, 2018

United States District Judge

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 1:18-cv-002054 (UNA) |
| | ) |
| RYAN BECKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is

**ORDERED** that plaintiff's application to proceed *in forma pauperis* [2] is **GRANTED**, and it is further

**ORDERED** that the complaint [1] and this case are **DISMISSED** without prejudice.

This is a final appealable Order.

/s/ Ketanji Brown Jackson
United States District Judge

Date: October 16, 2018